CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

NOV 17 2017

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal Action No. 4:13-cr-00001 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| **OSCAR PEREDA-MORELOS** | ) | By: Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Oscar Pereda-Morelos, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government filed a motion to dismiss, and Pereda-Morelos has responded, making this matter ripe for consideration. After reviewing the record, I will grant the government's motion to dismiss and dismiss Pereda-Morelos' § 2255 motion.

### I.

On January 17, 2013, a federal grand jury charged Pereda-Morelos in a superseding indictment with conspiracy to distribute and possess with intent to distribute cocaine and methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846; distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and two counts of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c) and 2. He pleaded guilty, in a written plea agreement, to one of the § 924(c) charges and the government agreed to dismiss the remaining counts against him. The Presentence Investigation Report ("PSR") noted that Pereda-Morelos' guideline sentence was the minimum term required by statute, or five years or 60 months. PSR ¶¶ 35, 36.

On May 14, 2015, I sentenced Pereda-Morelos to the mandatory minimum of 60 months' incarceration. Judgment at 2, ECF No. 71. Pereda-Morelos did not appeal.

On June 30, 2016, Pereda-Morelos filed this § 2255 motion alleging that I imposed an unconstitutional sentence in light of Johnson v. United States, 135 S. Ct. 2551, 2563 (2015). I appointed the Federal Public Defender's Office to represent Pereda-Morelos and provide supplemental briefing, if necessary, in light of Johnson, pursuant to Standing Order 2015-5. The Federal Public Defender's Office declined to file any additional pleadings on Pereda-Morelos' behalf and moved to withdraw, a motion which I granted. Notice at 1, ECF No. 83, 84.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his or her sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Pereda-Morelos bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

### A. The ACCA Enhanced Sentence Structure

Pereda-Morelos is not entitled to relief because his case is wholly unaffected by the Johnson decision, which dealt specifically with defendants who pleaded guilty to being felons in possession of a firearm—a conviction to which Pereda-Morelos did not plead guilty. Federal law prohibits convicted felons from possessing firearms. 18 U.S.C. § 922(g). Defendants who violate this law are subject to a term of up to ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, when defendants convicted of a § 922(g) charge have three or more prior convictions for "serious drug offenses" or "violent felonies," they qualify as armed career criminals under the Armed Career Criminal Act ("ACCA"). Armed career criminals face an increased

punishment: a statutory mandatory minimum of fifteen years' imprisonment and a maximum of life. 18 U.S.C. § 924(e)(1).

In Johnson, the Supreme Court invalidated part of the definition of "violent felony" under the ACCA, which limited the types of prior convictions that can be used as predicates to increase the defendant's sentence. 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court's decision in Johnson announced a new rule of constitutional law that applies retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1268 (2016). However, because Pereda-Morelos was not sentenced as an armed career criminal, Johnson has no bearing on his claims.

### B. *Johnson* Claim and 18 U.S.C. § 924(c)

Pereda-Morelos claims that his conviction for possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), was invalidated by Johnson. This claim is unavailing.

Federal law provides for a separate consecutive sentence for any person convicted of possessing a firearm in furtherance of a "crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). Pereda-Morelos' conviction resulted from possession of a firearm in further of a "drug trafficking crime." Accordingly, only the "drug trafficking crime" component of § 924(c)(1)(A) affected his sentence. Johnson has never called into question convictions that involve serious drug offenses. Whether or not the definition of "crime of violence" in § 924(c)(1)(A) survives constitutional muster in light of Johnson is immaterial to Pereda-Morelos' claim because it played no role in his conviction and sentence.[1]

---

[1] The Supreme Court has granted a writ of certiorari in Lynch v. Dimaya, 15-1498, to determine whether part of the definition of a "crime of violence" in 18 U.S.C. § 16(b), which employs the same wording as the unconstitutional clause in 18 U.S.C. § 924(c), is similarly void for vagueness. However, as explained above, because the questionable language in § 924(c) deals with the definition of a crime of

3

Because Pereda-Morelos' conviction for use of a firearm was in relation to a drug trafficking crime, his reliance on Johnson is misplaced. Accordingly, he is not entitled to relief.

### III.

For the reasons stated, I will grant the government's motion to dismiss.

**ENTER:** This 17th day of November, 2017.

/s/ Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE

---

violence, which had no bearing on Pereda-Morelos' sentence, there is no need to hold the case in abeyance pending the Supreme Court decision.